**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 20-00174

VERSUS                                                         JUDGE S. MAURICE HICKS, JR.

JOSHUA DAMOND                                        MAGISTRATE JUDGE WHITEHURST

**MEMORANDUM RULING**

Before the Court is a Motion for Emergency Stay and Review and Revocation of a Release Order as to Joshua Damond, filed under seal on July 24, 2020. See Record Document 11. The Court previously stayed the release of the Defendant pending the appeal. See Record Document 14. After careful review of the motion, the Defendant's Response to the Government's Motion for Revocation of Release Order (Record Document 12), the record, and relevant law, the Court hereby **REVOKES** the order of Magistrate Judge Hanna and **ORDERS** the Defendant **DETAINED** pending trial in this matter.

**FACTUAL BACKGROUND**

On July 20, 2020, the Government filed a criminal complaint under seal in the Western District of Louisiana against Joshua Damond ("Damond" or "Defendant"). The complaint alleges violations of 18 U.S.C. § 922(g)(1) (Possession of a Firearm by a Convicted Felon) and 18 U.S.C. § 922(j) (Possession of a Stolen Firearm). See Record Document 1. The complaint includes an affidavit from Bradley J. Boos, Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). The affidavit details the events that led to the investigation into Mr.

Damond, specifically, his arrest by Louisiana local authorities on June 25, 2020. <u>See</u> Record Document 1-1.

In conjunction with the criminal complaint, an arrest warrant for Damond was issued under seal on July 20, 2020. <u>See</u> Record Document 2. On July 22, 2020, Damond made an initial appearance on the criminal complaint. <u>See</u> Record Document 4. On July 24, 2020, Damond appeared before Magistrate Judge Hanna for a detention hearing. After hearing the testimony from the ATF case agent and Damond's mother, Judge Hanna ordered Damond released on a $10,000 unsecured bond and host of other conditions, including release to a third-party custodian. <u>See</u> Record Document 7.

That same day, the Government requested a stay of Damond's release to allow them to file an emergency motion challenging the release order. Judge Hanna verbally stayed the release order. <u>See id.</u> On July 24, 2020, the Government filed their Motion for Review and Revocation of the Release Order. <u>See</u> Record Document 11. On July 26, 2020, Defendant filed a Response to the Government's Motion for Revocation of the Release Order. <u>See</u> Record Document 12. On July 27, 2020, this Court issued an order staying the release order pending a ruling by this Court. <u>See</u> Record Document 14.

On August 19, 2020, the grand-jury returned a three-count Indictment against Damond. <u>See</u> Record Document 17. The indictment charged Damond with Possession of a Firearm by a Convicted Felon (18 U.S.C. § 922(g)(1)), Possession with Intent to Distribute Cocaine (21 U.S.C. § 841(a)(1) and (b)(1)(C)), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)(A)). <u>See id.</u>

## LAW AND ANAYLSIS

### A. Legal Standard

The Court has jurisdiction to review a release order pursuant to 18 U.S.C. § 3145(a). The Court reviews the release order de novo and "makes an independent determination of the proper pretrial detention or conditions for release." U.S. v. Fortna, 769 F.2d 243, 249 (5th Cir. 1985). Furthermore, the Court has significant discretion in deciding whether to hold an additional hearing or to review the evidence heard before the magistrate judge. See U.S. v. Hensler, 18 F.3d 936 (5th Cir. 1994) (unpublished).

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq., establishes the legal framework which the Court must apply to determine whether a defendant should be released pending trial. Under the Act, the court "shall order the pretrial release of the person…unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added). The Bail Reform Act permits the Court to order pretrial detention only if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). "[T]he lack of reasonable assurance of either the defendant's appearance or the safety of others or the community is sufficient; both are not required." Fortna, 769 F.2d at 249 (emphasis in original).

Factors the court must consider in determining whether there are conditions of release that will reasonably assure the appearance of the person and/or the safety of others in the community include: "(1) the nature and circumstances of the offense

charged…; (2) the weight of the evidence against the person; (3) the history and characteristics of the person…; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). The standard of proof required to prove the defendant is a flight risk is by a preponderance of the evidence. See Fortna, 769 F.2d at 250. The standard of proof required to prove the defendant will endanger the safety of any other person or the community is by clear and convincing evidence. See 18 U.S.C. § 3142(f).

### B. Analysis

The Government asserts the Defendant poses a serious risk of flight and is a serious danger to the community based on his actions in this case and his history with law enforcement. See Record Document 11. Specifically, the Government highlighted Defendant's recent convictions of Flight from an Officer in 2014 and Battery on an Officer in 2017. See id. at 5. Further, the Government highlighted Defendant's most recent arrests involved aggravated flight from officers. See id.

In response, Defendant contends the evidence does not support the contention that he is a flight risk. Rather the evidence indicates the opposite, as both of his parents and three of his four siblings live in Lafayette, Louisiana. See Record Document 12 at 2. Additionally, Defendant contends the detailed conditions of release set by Magistrate Judge Hanna assure Defendant's appearance and protect the community. See id. at 3–5.

After conducting a de novo review of the transcript of Defendant's July 24, 2020 detention hearing, the record and the applicable law, the Court determines that the section 3142(g) factors weigh in favor of detention. The first § 3142(g) factor focuses on

the "the nature and circumstances of the offense charged, including whether the offense … involves a … a controlled substance, firearm, explosive, or destructive device." Damond is charged with Possession of a Firearm by a Convicted Felon (18 U.S.C. § 922(g)(1)), Possession of a Firearm in Furtherance of a Drug Trafficking Crime (18 U.S.C. § 924(c)(1)(A)), and Possession with Intent to Distribute Cocaine (21 U.S.C. § 841(a)(1) and (b)(1)(C)). See Record Document 17. As this offense involves both a Schedule II controlled substance and a firearm, this factor weighs heavily in favor of detention.

With respect to the second § 3142(g) factor "the weight of the evidence against the person," the Court determines that the Government has put forth sufficient evidence to support the charges against Damond as set forth in the Indictment. The evidence includes dash camera and body camera evidence showing Damond throwing drugs and a firearm out of the window of his vehicle during a police pursuit of his vehicle on June 25, 2020. See Record Document 16 at 19–23. Additionally, after arresting Damond officers found a scale and what they suspected to be marijuana and heroin in his pockets. See id. at 25. ATF Agent Boos testified to reviewing this evidence at the detention hearing. See id. Thus, the Court believes the Government has met its burden in demonstrating the weight of the evidence against Damond and finds that this factor weighs in favor of his detention.

The third § 3142(g) factor "the history and characteristics of the person," also supports detention. In consideration of this factor, courts look to available information regarding "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(2)(A). Although Damond's

mother, Linda George, testified to Damond's family and community ties to Lafayette, the Court finds this is insufficient to outweigh all the other evidence supporting detention. See Record Document 16 at 32–40.

In review of the pre-trial services report, the Court notes Damond is homeless and has no stable income to report. Additionally, Damond has a lengthy criminal history. This criminal history includes multiple charges for possession of illegal narcotics indicating an extensive pattern of drug abuse. This history also includes aggravated flight from an officer, resisting arrest, and assault on an officer. Damond has demonstrated in his last several encounters with the police that he is a danger to himself, law enforcement, and the entire community. Based on the history and characteristics of the defendant, the Court finds that this factor weighs heavily in favor of detention.

Finally, the fourth § 3142(g) factor "the nature and seriousness of the danger to any person or the community that would be posed by the person's release," also supports detention. The precipice for the June 25, 2020 arrest and federal investigation into Mr. Damond was an attempted trespass into the home of the mother of his child, Arnesha Savoy ("Ms. Savoy"). See id. at 8. In December 2019, Ms. Savoy obtained her first temporary restraining order ("TRO") against Mr. Damond. See id. at 9. In the first TRO, Ms. Savoy attested Damond was continually calling and threatening her and her family. See id. at 11. Ms. Savoy also included a screenshot of a text message from Damond to Ms. Savoy which read "Bitch, I'm go kill u. Keep it up." Id. The second TRO was filed on June 29, 2020 in response to the June 25, 2020 incident. See id. at 13. The second TRO details how Damond continued to threaten Ms. Savoy and made it difficult to co-parent

their daughter. See id. Additionally, the second TRO alleges Damond slashed Ms. Savoy's tires. See id.

On June 25, 2020, Ms. Savoy, her daughter, and her niece were in the house when Damond approaches. See id. at 14. There is video and audio surveillance footage captured from Ms. Savoy's neighbors' house. See id. at 14–15. The footage shows Damond kicking in the door to Ms. Savoy's home. Damond is on the phone speaking loudly saying, "open the mother fucking door." Id. at 15.

Following this attempted trespass, Damond led the Lafayette and Jennings Police on a high-speed pursuit through multiple jurisdictions before ultimately being forced to surrender. See id. at 24. During this pursuit, Damond was traveling approximately 90 miles an hour in a 45 mile per hour zone and 85 miles an hour in a 35 mile per hour zone. See id. It is abundantly clear that Damond serves as a danger to both Ms. Savoy and the community at large. Thus, the fourth factor also weighs heavily in favor of detention.

The totality of the factors considered above warrants detention of Damond. The Court finds by clear and convincing evidence that Damond is a danger to his community. He has consistently demonstrated his inability to comply with law enforcement. See id. at 27. The last four times Mr. Damond encountered law enforcement officers he's fled from them, putting the entire community in danger. See id. at 47. Furthermore, Damond serves as a danger to Ms. Savoy. Both the TROs and the June 25, 2020 incident demonstrate Damond's history of violence toward Ms. Savoy and their child. Therefore, the court concludes that it is more likely than not that there is no condition or combination of conditions that will reasonably assure Damond's presence at trial.

## CONCLUSION

**IT IS ORDERED** that the Government's Motion for Review and Revocation of a Release Order (Record Document 11) is hereby **GRANTED**. The Court hereby **REVOKES** Magistrate Judge Hanna's July 24, 2020 release order and **ORDERS** the Defendant **DETAINED** pending trial in this matter.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 3rd day of September, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT