**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 20-00174 |
| | [CIVIL ACTION NO. 22-1836] |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOSHUA DAMOND | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM ORDER**

Before the Court is Petitioner Joshua Damond's ("Damond") "Motion to Place in Abeyance 28 U.S.C. § 2255(f)(3) Motion to Vacate, Set Aside, or Correct Sentence Pursuant to New York Rifle Association v. Bruen" (Record Document 72).  In his motion, Damond moves the Court to hold the merits of his Section 2255(F)(3) motion in abeyance until the United States Supreme Court declares "retroactive effect" in Bruen.  See Record Document 72-1 at 8.

Section 2255(f)(3) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> . . .
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

28 U.S.C. § 2255.  Additionally, Section 2255(h)(2) provides that "a second or successive [Section 2255] motion must be certified . . . by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  Id.

Here, Damond filed his first Section 2255 motion on June 21, 2022.  See Record Document 64.  Such motion remains pending before this Court.  In his first motion, Damond raises ineffective assistance of counsel claims.  See id.

Damond has now filed another motion pursuant to Section 2255(f)(3).  See Record Document 72.  The instant motion is a second or successive motion; thus, this Court does not have jurisdiction to hear Damond's claim and it is without authority to hold such motion in abeyance as requested by Damond.  See Mandile v. United States, 202 F.Supp.3d 1325, 1326–27 (S.D. Fla. 2016) ("The requirement that prisoners obtain authorization from the circuit court before filing a second or successive petition in the district court is jurisdictional, not aspirational.").  This Court "may not decide questions that cannot affect the rights of litigants in the case before [it] or give opinion[s] advising what the law would be upon a hypothetical state of facts."  Id. at 1327 (citation omitted).  Yet, this is precisely the relief Damond seeks in asking this Court to stay his instant Section 2255(f)(3) motion over which this Court has no jurisdiction.  See id.  Federal courts are statutorily restricted in awarding relief to prisoners who file second or successive habeas petitions.  See id. Under Section 2255(h)(2), Damond was required to ask the Fifth Circuit Court of Appeals for an order authorizing this Court to consider his second or successive petition. The plain language of the statute does not provide for "placeholder petitions."  Id.

Accordingly,

2

**IT IS ORDERED** that Damond's "Motion to Place in Abeyance 28 U.S.C. § 2255(f)(3) Motion to Vacate, Set Aside, or Correct Sentence Pursuant to <u>New York Rifle Association v. Bruen</u>" (Record Document 72) be and is **DENIED**, as the Court lacks jurisdiction to entertain such motion.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 31st day of August, 2023.

_____
United States District Judge