**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 20-00174-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JOSHUA DAMOND | MAGISTRATE JUDGE WHITEHURST |

**MEMORANDUM RULING**

Before the Court is a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 filed by Petitioner Joshua Damond ("Damond"). See Record Document 64. The United States of America ("the Government") opposes the motion. See Record Document 67. Damond has filed a reply. See Record Documents 68 & 69. For the reasons set forth below, Damond's motion is **DENIED.**

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 19, 2020, Damond was charged in an Indictment with one count of possession of a firearm by a convicted felon, in violation of U.S.C. § 922(g)(1) (Count 1); one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count 2); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3). See Record Document 67 at 3. On March 8, 2021, Damond pleaded guilty to Count 1. See id. Wayne Blanchard ("Blanchard") with the Federal Public Defender's Office represented Damond at sentencing. See id.

Damond filed two objections, one asserting that there was insufficient evidence that he possessed the firearm in connection with another felony offense, and the other, objecting to the four-level enhancement under § 2K2.1(b)(6)(B). See id. at 4. The Court overruled the objections. See id. at 5. Conceding that Damond had not used the firearm, the Court noted he had thrown it from the vehicle and possessed it while committing multiple felony offenses, including unauthorized entry of an inhabited dwelling, possession of methamphetamine, and aggravated flight from an officer. See id. Citing to the commentary to § 2K2.1(b)(6)(B), the Court noted that the enhancement applies if a firearm had the potential of facilitating another felony offense and based on the facts set forth in the PSR, it applied to Damond's case. See id. at 5–6.

The Court ultimately sentenced Damond to 78 months' imprisonment followed by three years' supervised release. See id. at 6. Damond filed a timely notice of appeal. See Record Document 64 at 2. Roberta Fontenot ("Fontenot") with the Federal Public Defender's Office represented him on appeal. See Record Document 67 at 6. In affirming Damond's sentence, the United States Court of Appeals for the Fifth Circuit found meritless the claims that (1) the district court clearly erred by applying a four-level U.S.S.G. § 2K2.1(b)(6)(B) enhancement because he did not possess the firearm in connection with another felony offense and (2) the district court plainly erred by applying a two-level U.S.S.G. § 3C1.2 enhancement for reckless endangerment because of application of both enhancements constitutes impermissible double counting. See id.

On June 21, 2022, Damond filed the instant §2255 motion. See id. The Government responded on October 21, 2022. See id. at 13. Damond seeks to vacate the imposed sentence of 78 months on two grounds: (1) ineffective assistance of counsel at

2

sentencing and (2) ineffective assistance of counsel on appeal. See Record Document 64 at 4–5.

## LAW AND ANALYSIS

Damond challenges his conviction on two grounds—that both his sentencing and appellate counsel were ineffective in violation of the Sixth Amendment. See id. As to ground one, he asserts that because the weapon that was possessed resulted in a conviction for possession of a firearm by a convicted felon, Blanchard had a Sixth Amendment obligation to object to the § 2K2.1(b)(6)(B) enhancement. See Record Document 64-1 at 2. Damond contends that had Blanchard made an objection to the four-level enhancement, his offense level would have been a 21 with a guideline range of 46 to 57 months, instead of an offense level of 25 with a guideline range of 70 to 87 months. See id. Thus, Blanchard's failure to object resulted in Damond being subjected to a harsher sentence. See id.

As to ground two, Damond asserts that he was denied his Sixth Amendment right to effective assistance of counsel on appeal when Fontenot failed to argue that the § 2K2.1(b)(6)(B) enhancement was inapplicable because the Government never established the four elements. See id. at 2–3. In her appellate brief, Fontenot asked the Fifth Circuit to consider whether the Government proved Damond had actively employed the weapon as a basis to apply the § 2K2.1(b)(6)(B) enhancement. See id. at 3. Damond asserts that whether the gun was actively employed is not an element of § 2K2.1(b)(6)(B). See id. Thus, had Fontenot not raised such a frivolous argument, the Fifth Circuit would have vacated Damond's unconstitutional sentence. See id.

3

The Government argues that Blanchard and Fontenot were not ineffective in handling the issues concerning the § 2K2.1(b)(6)(B) enhancement. See Record Document 67 at 10. Blanchard was not ineffective for failing to raise a frivolous objection during sentencing. See id. Fontenot was not ineffective because although she argued that the gun was passively present, that argument necessarily encompassed the elements of the enhancement, for she argued that the weapon was not possessed in connection with another felony offense. See id. at 11. Furthermore, regardless of Fontenot's argument, Damond cannot show prejudice, as the record and Fifth Circuit opinion show that the enhancement was correctly applied. See id.

**I. Legal Standards.**

After accepting a plea of guilty and exhaustion of a defendant's right to appeal, the court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F. 2d 228, 231–32 (5th Cir. 1991) (citing U.S. v. Frady, 456 U.S. 152, 164, 102 S. Ct. 1584, 1592 (1982)). Consequently, relief under § 2255 is quite limited, reaching only instances where (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence exceeds the statutory maximum, or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255. Stated differently, § 2255 affords relief only to issues of constitutional or jurisdictional magnitude—those that "could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." U.S. v. Vaughn, 955 F. 2d 367, 368 (5th Cir. 1992).

To prevail on a claim of ineffective assistance of counsel, the petitioner must show his counsel's performance was deficient, and the deficiency resulted in prejudice to the defendant. See Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 2065 (1984). The proper standard for attorney performance is that of "reasonably effective assistance," and reasonableness is measured according to "prevailing professional norms." Id. at 687–88. Among other responsibilities, this standard demands that counsel "research relevant facts and law, or make an informed decision that certain avenues will not be fruitful." U.S. v. Grammas, 376 F. 3d 433, 436 (5th Cir. 2004) (citing U.S. v. Conley, 349 F. 3d 837, 839 (5th Cir. 2003)). To prove prejudice, the petitioner must show there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. See id. at 695. When asserting errors concerning sentencing, the petitioner must show that he would have received less time in prison had it not been for his counsel's errors. See U.S. v. Franks, 230 F. 3d 811, 815 (5th Cir. 2000).

**II. Analysis.**

Damond's ineffective assistance of counsel arguments fail both prongs of the Strickland analysis. Damond claims Blanchard was ineffective for not objecting to the § 2K2.1(b)(6)(B) enhancement on the basis that the weapon used formed the basis of the conviction for possession of a firearm by a convicted felon. See Record Document 67 at 10. The Court disagrees with Damond because § 2K2.1(b)(6)(B) applies to the offense of possession of a firearm by a convicted felon, so the weapon he possessed and that formed the basis of the conduct to which he plead guilty will be the weapon at issue in the determination of the enhancement. See id. Blanchard was not ineffective because he failed to raise a frivolous objection. "On numerous occasions, the Fifth Circuit has noted

5

that '[c]ounsel cannot be deficient for failing to press a frivolous point.'" U.S. v. Nelson, No. 17-00246-01, 19-0431, 2023 WL 1073719, at *3 (W.D. La. Jan. 26, 2023). See Sones v. Hargett, 61 F. 3d 410, 415 n. 5 (5th Cir. 1995) (citing Koch v. Puckett, 907 F. 2d 524, 527 (5th Cir. 1990)); see also U.S. v. Gibson, 55 F. 3d 173, 179 (5th Cir. 1995), Murray v. Maggio, 726 F. 2d 279, 283 (5th Cir. 1984). Therefore, Damond cannot demonstrate Blanchard performed deficiently or that he suffered prejudice.

Damond also claims that Fontenot was ineffective for not asserting that the Government failed to meet all four elements of the § 2K2.1(b)(6)(B) enhancement. See Record Document 64-1 at 2–3. In her appellate brief, Fontenot argued that the district court erred in enhancing Damond's offense level based on his purported use of a firearm in connection with another felony offense when the firearm was merely passively present in his vehicle and not actively employed in any criminal act. See Exhibit A, p. 8. Damond contends that whether the gun was actively employed is not an element of § 2K2.1(b)(6)(B). See Record Document 64-2 at 3. Even though Fontenot may have used some different language, her argument encompassed the elements of the enhancement. Furthermore, even if the alleged shortcomings of Fontenot were supported, Damond cannot demonstrate that the ultimate outcome would have differed, especially since the Fifth Circuit held that the enhancement was correctly applied. Consequently, Damond's ineffective assistance of counsel claims must be rejected.

## CONCLUSION

For the stated reasons, Damond's § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Record Document 64) is hereby **DENIED**.

Pursuant to Rule 11(a) of the Rules Governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering a final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Court. Unless a certificate of appealability issues, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 9th day of October, 2024.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT